IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Diane Reardon, | ) | Civil Action No. 2:13-cv-02708-CWH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| International Paper Co., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon the report and recommendation ("R&R") of United States Magistrate Judge Shiva Hodges recommending that the defendant's motion to dismiss the plaintiff's claims under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 (2006), ("ADA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 (2006), ("Title VII") be granted. For the reasons set forth in this Order, the Court adopts the R&R and grants the defendant's motion to dismiss the plaintiff's ADA and Title VII claims.

## I. BACKGROUND

On August 21, 2013, Diane Reardon (the "plaintiff") filed this action in the Court of Common Pleas in Georgetown County, South Carolina, alleging workplace discrimination on the basis of disability in violation of the ADA, and discrimination on the basis of gender and retaliation in violation of Title VII. (Compl. ¶¶ 93, 99, 103, ECF No. 1-1). On October 3, 2013, International Paper Company (the "defendant") timely removed the case to this Court on the grounds of federal question and diversity jurisdiction. (Def.'s Notice of Removal 1, ECF No. 1-



2). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(g), D.S.C., this matter was referred to a United States Magistrate Judge for pre-trial proceedings and a R&R.

In response to the complaint, the defendant filed a motion to dismiss the action for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Def.'s Mot. to Dismiss 1, ECF No. 5). The plaintiff filed a response in opposition, claiming that the defendant's motion to dismiss selectively incorporated facts "intentionally calibrated to influence the Court to dismiss the [p]laintiff's claims." (Pl.'s Resp. to Def.'s Mot. to Dismiss 1, ECF No. 6). The defendant filed a reply, countering that the facts alleged were inconsistent and contradictory so as to undermine the plausibility of the plaintiff's claim. (Def.'s Reply to Pl.'s Resp. 1-2, ECF No. 7). On February 21, 2014, the magistrate judge issued her R&R that thoroughly analyzed the issues and applicable law, and recommended that the Court grant the defendant's motion to dismiss but grant leave to the plaintiff to file an amended complaint. (R&R at 9).

Applying the standards articulated in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the magistrate judge found that the plaintiff's complaint, on its face, did not raise allegations sufficient to state a plausible claim for each cause of action. (R&R at 6-9). With respect to the ADA claim of disability discrimination, the magistrate judge concluded that the facts pleaded were internally conflicting and conclusory, that the plaintiff failed to tie the allegations to each element of a prima facie case, and that the plaintiff failed to provide a substantive response to the defendant's argument. (R&R at 5-7). As to the Title VII gender discrimination claim, the magistrate judge likewise concluded that the plaintiff's allegations were inconsistent and unclear, specifically because the plaintiff alleged that

#2
CLOIA.

the defendant discriminated against her by failing to accommodate her, yet simultaneously claimed that she did not need an accommodation. (R&R at 8). Lastly, with respect to the Title VII retaliation claim, the magistrate judge found that the plaintiff failed to set forth specific facts sufficient to show that she had been engaged in a protected activity or that there was a nexus between a protected activity and her employment termination. (R&R at 11-12). Accordingly, the magistrate judge recommended that the Court grant the defendant's motion to dismiss without prejudice, with leave to the plaintiff to file an amended complaint within fifteen (15) days of this Court's Order on the defendant's motion to dismiss. (R&R at 9).

On March 9, 2013, the plaintiff filed an objection to the magistrate judge's R&R (ECF No. 10), as well as a motion to amend her complaint. (ECF No. 9). On March 27, 2014, the defendant filed a reply to the plaintiff's objection (ECF No. 14), as well as a response to the plaintiff's motion to amend. (ECF No. 13).

## II. LEGAL STANDARD

"A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). The Court measures the legal sufficiency by determining whether the complaint meets the Rule 8 standards for a pleading. Id. Rule 8 requires that a claim for relief contains a statement of the grounds for the Court's jurisdiction, a statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). To survive a Rule 12(b)(6) motion to dismiss, a complaint need not assert "detailed factual allegations"; however, it must contain "more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action" will not suffice.



Twombly, 550 U.S. at 555. Furthermore, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

Two working criteria guide the plausibility standard articulated in Twombly. Iqbal, 556 U.S. at 678. First, although a court must accept all facts alleged in the complaint as true, this is inapplicable to legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citation omitted). Although legal conclusions can provide the framework of a complaint, factual allegations must support the complaint for it to survive a motion to dismiss. Id. at 679. Therefore, a pleading that provides only "labels and conclusions" or "naked assertion[s]" lacking "some further factual enhancement" will not satisfy the requisite pleading standard. Twombly, 550 U.S. at 555, 557.

Second, to the extent that there are well-pleaded factual allegations, a court should assume their truth and "then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. This determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. (citation omitted). Rule 12(b)(6) does not allow dismissals based on a court's disbelief of a complaint's factual allegations. Twombly, 556 U.S. at 556 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

### III. DISCUSSION

This matter is now before the Court for disposition. The magistrate judge makes only a recommendation to the Court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The recommendation carries no presumptive weight, and the responsibility to make a final



determination remains with the Court. Id. at 270-71. The Court may "accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). The Court is charged with making a de novo determination of any portion of the R&R to which a specific objection is made. Id. However, in the absence of a timely filed, specific objection, the Court reviews the R&R only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Furthermore, the failure to file specific written objections to the R&R results in a party's waiver of the right to appeal from the judgment of the district court based upon such recommendation. United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

### A. THE PLAINTIFF'S OBJECTION

The plaintiff has objected to "the determination by the Court that the [p]laintiff's claims should be dismissed." (Pl.'s Obj. 3, ECF No. 10). "A party's general objections are not sufficient to challenge a magistrate judge's findings." Greene v. Quest Diagnostics Clinical Labs., Inc., 455 F. Supp. 2d 483, 488 (D.S.C. 2006) (citation omitted). When a party's objections are directed to strictly legal issues "and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (citation omitted). Analogously, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the magistrate judge's proposed findings. Id. Because general objections to a magistrate judge's R&R do not direct a court to any specific portion of the report, they are "tantamount to a failure to object." Miles v. Richland Mem'l Hosp., No. 96-2235, 1997 WL 107738, at *1 (4th Cir. Mar.



12, 1997).¹ In Miles, the objecting party rehashed the claims asserted in her complaint without challenging the magistrate judge's conclusion that the objecting party failed to adduce sufficient evidence that her impairment qualified as a disability under the ADA or that her employer discriminated against her based on this disability. Id. As a result of the lack of specificity, the Court of Appeals for the Fourth Circuit affirmed the dismissal of the objecting party's action. Id.

Here, similar to the insufficient objection in Miles, the plaintiff's arguments in support of her objection merely rehash the claims in her complaint. In lieu of substantively challenging the magistrate judge's assessment that the plaintiff failed to adequately plead each cause of action, she simply objects to the entire disposition. The plaintiff fails to give any specificity to her claim or to identify those portions of the R&R to which she objects.

Additionally, the plaintiff declares that "[t]he Court has failed to consider that there is a purpose for discovery and summary judgment" and that "the amount of detail the Court wishes for the [p]laintiff to set forth in the complaint are [sic] clearly to eliminate discovery." (Pl.'s Obj. at 4, 5). These assertions are perplexing since the plaintiff's objection to the R&R inserts new facts into the case, such as stating that a doctor's note had put the defendant on notice of the plaintiff's unspecified medical condition. (Pl.'s Obj. 4-5). Although the plaintiff claims that the existence of the doctor's note was alleged in her complaint, such an allegation is nowhere to be found. (Pl.'s Obj. 4-5). In fact, ¶ 33 of the complaint appears to state the opposite: "[t]hat the [p]laintiff's physician never placed any medical restrictions on the [p]laintiff's employment."

---

¹ The Court recognizes that unpublished opinions are not of precedential value. See Fourth Circuit Court of Appeals Local Rule 36(b); see also Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006) (unpublished decisions have no precedential value and are only entitled to the weight generated by the persuasiveness of their reasoning).



(Compl. ¶ 33). Even if the existence of the doctor's note had been alleged in the complaint, the plaintiff still fails to explain how this fact supports any of her causes of action.

Therefore, because the plaintiff has failed to make objections to the R&R with the requisite level of specificity or to provide any direction as to which portions the Court should examine under a de novo lens, the Court need "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." See Diamond, 416 F.3d at 315 (quoting Fed. R. Civ. P. 72 advisory comm.'s note). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed. United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

### B. THERE IS NO CLEAR ERROR IN THE R&R

In her R&R, the magistrate judge evaluated each of the plaintiff's causes of actions. For the ADA claim of disability, the magistrate judge correctly set forth the elements of a prima facie claim: "(1) that [the plaintiff] was an individual who had a disability within the meaning of the statute, (2) that the [employer] had notice of [her] disability, (3) that with reasonable accommodation [she] could perform the essential functions of the position, and (4) that the [employer] refused to make such accommodations." (R&R at 4) (quoting Rhoads v. FDIC, 257 F.3d 373, 387, n.11 (4th Cir. 2001)). The magistrate judge found that the first element was not met; although the plaintiff has alleged that she suffered from pulmonary fibrosis, she failed to allege whether this condition was a disability or whether it met the statutory definition of disability. (R&R at 6). For the remaining three elements, the magistrate judge found that the allegations intended to support the claim were conflicting and unclear, such as whether the



plaintiff required an accommodation, whether she requested one, and whether the defendant denied an accommodation or whether she herself refused to accept one. (R&R at 6). The Court accepts the magistrate judge's conclusion and holds not only that these findings were not made in clear error, but also that the Court would reach the same conclusion under a de novo review.

With respect to the ADA claim of "regarded as" disability, the magistrate judge correctly concluded that the plaintiff failed to provide any factual allegation demonstrating that the defendant regarded her as disabled. (R&R at 6). The plaintiff relies on conclusory statements that are not tied to any factual allegations, which are the precise type of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that Iqbal deems fatal to a claim's plausibility. See 556 U.S. at 678. Therefore, the Court holds that this finding was not made in clear error and accepts the magistrate judge's conclusion. The Court would reach the same conclusion under a de novo review.

As to the Title VII claim of gender discrimination, the magistrate judge correctly stated the elements of a prima facie claim, wherein the plaintiff must prove that: (1) she is a member of a protected class, (2) she was performing satisfactorily, (3) she suffered an adverse employment action, and (4) similarly-situated employees received more favorable treatment. (R&R at 7) (citing Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010)). The magistrate judge correctly determined that the fourth element must fail because the plaintiff cannot assert that the defendant discriminated against her by failing to accommodate her while maintaining that she did not need an accommodation. (R&R at 8). Therefore, the Court holds that this finding was not made in clear error and accepts the magistrate judge's conclusion. Again, the Court would reach the same conclusion under a de novo review.



Finally, with respect to the Title VII retaliation claim, the magistrate judge correctly set forth the elements of a prima facie claim that: (1) the plaintiff was engaged in a protected activity, (2) she suffered an adverse employment action at the hands of her employer, and (3) there existed a causal connection between the protected activity and the adverse action. (R&R at 8) (citing Bryant v. Aiken Reg'l Med. Ctrs., 333 F.3d 536, 543 (4th Cir. 2003)). The magistrate judge correctly concluded that the complaint's only reference to a protected activity was that the plaintiff "reported the information to the EEOC." (R&R at 8) (quoting Compl. ¶ 57). Because this reporting did not occur until after the plaintiff had been told she could not return to her job, the magistrate judge was correct in determining that there could be no causal connection between the alleged protected activity and the adverse employment action. (R&R at 9). Therefore, the Court holds that the findings on the retaliation claim were not made in clear error and accepts the magistrate judge's conclusion. The Court would have reached the same conclusion under a de novo review.

### C. THE PLAINTIFF'S MOTION TO AMEND

The plaintiff filed a motion to amend her complaint on March 9, 2014, even though the R&R clearly recommends that the plaintiff file an amended complaint within fifteen (15) days of this Court's Order should it dismiss the case without prejudice. (R&R at 9). Accordingly, the motion to amend is moot.

### IV. CONCLUSION

After reviewing the record of this matter, the applicable law, the magistrate judge's R&R, the plaintiff's objection to the R&R, and the defendant's reply thereto, the Court agrees with the conclusions of the magistrate judge and finds that the plaintiff failed to set forth allegations that



are sufficient to withstand the defendant's motion to dismiss. The Court adopts and incorporates the R&R (ECF No. 8) by reference in this Order. The plaintiff's claims are dismissed without prejudice. The plaintiff has leave to file an amended complaint within fifteen (15) days of this Order. If the plaintiff fails to do so, the plaintiff's action will be dismissed in its entirety with prejudice.

**AND IT IS SO ORDERED.**

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

June 6, 2014
Charleston, South Carolina